```
           IN THE UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF VIRGINIA

                         Alexandria Division


UNITED STATES OF AMERICA,      )
                               )
          v.                   )    1:14-CR-322 (JCC)
                               )
RALPH FREEMAN,                 )
                               )
     Defendant.                )
```

### **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Ralph Freeman's Motion to Strike the Mandatory Minimum Sentence associated with a conviction for receipt of child pornography. [Dkt. 26.] Following the argument of counsel on April 2, 2015, the Court denied the motion in open court. This opinion memorializes the reasons for that decision.

### **I. Background**

After a two-day non-jury trial, the Court found Defendant Ralph Freeman guilty of two counts: receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4). (Mem. Op. [Dkt. 64]; Conviction Order [Dkt. 65].) Prior to trial, Freeman filed a Motion to Strike the Mandatory Minimum Sentence associated with a conviction for receipt of child pornography. (Mot. to Strike [Dkt. 26]; Mem. in Supp. [Dkt. 27].) The Court denied the motion without prejudice,

1

mainly because the motion was not yet ripe--at the time, Freeman had yet to be convicted. (Order [Dkt. 48].) Now that Freeman has been convicted of receipt of child pornography, he faces a five-year statutory mandatory minimum term of incarceration. See 18 U.S.C. § 2252(b)(1) ("Whoever violates . . . paragraph . . . (2) . . . of subsection (a) shall be fined under this title and imprisoned not less than 5 years and not more than 20 years[.]"). Freeman thus renews his motion, which is now properly before the Court. Freeman asks the Court "to find the mandatory minimum sentence to be unconstitutional because the mandatory minimum sentence is grossly disproportionate to the crime charged as applied [to Freeman]." (Def.'s Mem. at 1.) The Government opposes this request. (Gov't Opp'n [Dkt. 32].)

## II. Legal Standard

"Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. A punishment is cruel and unusual when, inter alia, it is disproportionate to the criminal conduct. Graham v. Florida, 560 U.S. 48, 59 (2010). Criminal defendants can challenge the proportionality of a punishment in two ways. First, in an "as-applied" challenge, the defendant "contests the length of a certain term-of-years sentence as being disproportionate given all the circumstances in a particular case." United States v. Cobler, 748 F.3d 570, 575

2

(4th Cir. 2014) (quoting Graham, 560 U.S. at 59) (internal quotation marks omitted).  Second, in a "categorical" challenge, the defendant "asserts that an entire class of sentences is disproportionate based on the nature of the offense or the characteristics of the offender."  Cobler, 748 F.3d at 575 (quoting Graham, 560 U.S. at 60)(internal quotation marks omitted).  Here, Freeman argues that the five-year mandatory minimum term of imprisonment for receipt of child pornography is disproportionate "as applied" to him.

In an "as applied" proportionality analysis, the Court first makes a threshold determination of whether the "gravity of the offense and the severity of the sentence leads to an inference of gross disproportionality."  Cobler, 748 F.3d at 575 (quoting Graham, 560 U.S. at 59-60 (quoting Harmelin v. Michigan, 501 U.S. 957, 1005 (1991) (Kennedy, J., concurring) (brackets omitted))).  In the rare instance that this threshold is satisfied and "such an inference may be drawn, the court is required to compare the defendant's sentence: (1) to sentences for other offenses in the same jurisdiction; and (2) to sentences for similar offenses in other jurisdictions." Cobler, 748 F.3d at 575 (citation omitted).  In the absence of a threshold showing, however, "extended comparative analysis of a sentence is unnecessary to justify its constitutionality."  Id. at 578 (citing Graham, 560 U.S. at 60).

Only one "term-of-years" sentence has been held grossly disproportionate by the Supreme Court, see Solem v. Helm, 463 U.S. 277 (1983) (holding unconstitutional a sentence of life imprisonment without parole for a recidivist who passed a bad check in the amount of $100), and since then, "no defendant before the Supreme Court has been successful in establishing even a threshold inference of gross disproportionality." Cobler, 748 F.3d at 576 (citations omitted). Thus, the relief Freeman seeks is extraordinarily rare. In short, under this "as-applied" analytical framework, "the narrow proportionality principle of the Eighth Amendment does not require strict proportionality between crime and sentence, but forbids only extreme sentences that are grossly disproportionate to the crime." Id. at 575 (quoting Graham, 560 U.S. at 59-60 (quoting Harmelin, 501 U.S. at 997, 1000-01 (Kennedy, J. concurring))) (internal quotation marks omitted).

### III. Analysis

Now that this matter is ripe for adjudication, Freeman's proportionality argument fails on the merits. Freeman acknowledges the uphill battle he faces. The Fourth Circuit recently addressed the proportionality issue in United States v. Cobler, 748 F.3d 570 (4th Cir. 2014). There, the Court stated, "[to say the law of this circuit regarding] proportionality review of any sentence less than life imprisonment without

4

parole is not available, not appropriate, or not required . . . discounts the full import of [the] holding in United States v. Rhodes, 779 F.2d 1019 (4th Cir. 1985)." Id. at 574, 577. In Rhodes, relying heavily on Solem v. Helm, 463 U.S. 277 (1983), the Fourth Circuit held that "*extensive* proportionality analysis is required only in those cases involving life sentences without parole, or, alternatively, cases involving terms of years without parole that are functionally equivalent to life sentences because of the defendants' ages," Cobler, 748 F.3d at 578 (citing Rhodes, 779 F.2d at 1028) (emphasis in original). This is because "challenges to non-capital sentences rarely will be successful, due to the substantial deference that reviewing courts owe to Congress and to trial courts." Cobler, 748 F.3d at 578 (citing Solem, 463 U.S. at 289-90). Stated differently, "as applied" proportionality review of a term-of-years sentence is not automatically foreclosed in the Fourth Circuit, but such term-of-years sentences "that are clearly within the prerogative of Congress and subject to imposition by a district court may be disposed of swiftly." Cobler, 748 F.3d at 579 (quoting United States v. Wellman, 663 F.3d 224, 231 (4th Cir. 2011)).

The five-year mandatory minimum sentence for receipt of child pornography is clearly within the prerogative of Congress, and therefore, Freeman's motion will be denied. See, e.g., Chapman v. United States, 500 U.S. 453, 467 (1991)

5

(upholding mandatory minimum sentences for drug offenses in the face of constitutional challenges).

In short, without addressing the gravity of the offense, the Court finds that there is no threshold showing of an inference of gross disproportionality between the offense conduct and the mandatory minimum term of five years, and therefore the Court need not engage in an "extensive" comparative analysis.[1]  Cobler, 748 F.3d at at 578 (citing Graham, 560 U.S. at 60); see also United States v. Reingold, 731 F.3d 204, 218-19 (2d Cir. 2013).  In Reingold, the Second Circuit vacated a 30-month sentence for one count of distribution of child pornography and remanded to the district court for re-sentencing in adherence with the mandatory minimum five-year term under the statute.  The Second Circuit held:

> Congress . . . established a graduated sentencing regime for crimes involving child pornography, with any knowing receipt or distribution of child pornography transmitted in interstate or foreign commerce punishable by a prison term of not less than five years and not more than 20 years . . . . The question . . . is not

---

[1] Even if the Court engaged in this analysis, and to the extent Freeman argues the penalty for receipt is disproportionate in comparison to the penalty for possession of child pornography, this argument also fails.  See United States v. Adler, No. 1:11-cr-555; 1:13-cv-323, 2013 WL 2458642, at *2 (E.D. Va. June 6, 2013) ("[H]is complaint that the penalty for receipt of child pornography is unconstitutionally harsher than that for possession of child pornography is similarly meritless.") (citing United States v. Dudeck, 657 F.3d 424, 429-30 (6th Cir. 2011)).

6

>     whether we would ourselves have made that
>     precise policy decision if charged with
>     legislative responsibility. In our judicial
>     capacity, we conclude simply that no
>     inference of gross disproportionality can be
>     drawn from Congress's enactment of a five-
>     year minimum sentence for as serious a
>     felony crime as the distribution [or
>     receipt] of child pornography.

Id. (citing Harmelin 501 U.S. at 999 (Kennedy, J., concurring) (emphasizing "substantial deference" that reviewing courts owe legislature's "broad authority . . . in determining the types and limits of punishments for crimes") (internal quotation marks omitted)). The Second Circuit's analysis is instructive and guides this decision in conjunction with the Fourth Circuit's binding precedent in Cobler.

In Cobler, the defendant pled guilty to three counts of production of child pornography, one count of transportation of child pornography in interstate commerce, and one count of possession of child pornography, and was sentenced to 120 years in prison, the statutory maximum. 748 F.3d at 574. The Fourth Circuit held that the defendant failed to satisfy the requisite threshold inference of gross disproportionality. Id. at 580. The Court concluded that "the prohibition of child pornography derives from a legislative judgment that such materials are harmful to the physiological, emotional, and mental health of children, and that preventing the sexual exploitation of this uniquely vulnerable group constitutes a government objective of

7

surpassing importance." Id. (quoting New York v. Ferber, 458 U.S. 747, 757-58 (1982)) (internal quotation marks omitted). As such, Cobler's sentence was not grossly disproportionate to the criminal behavior it punished. Indeed, Congress has implemented determinate or mandatory sentences since the penal code's inception. See Chapman v. United States, 500 U.S. 453, 466-67 (1991).

Even though aggravating circumstances surrounded Cobler's convictions, including his own production of depictions where he exploited, molested, and abused a four-year-old child, here, Freeman was convicted of knowingly receiving a visual depiction of "minor and prepubescent children engaging in sexually explicit conduct including but not limited to actual and simulated intercourse, masturbation, and the lascivious exhibition of the genitals and pubic area." (Indictment [Dkt. 16] at 1; Conviction Order at 1.) The evidence at trial proved that Freeman used his Sony all-in-one desktop computer and the eMule software application to receive child pornography through the Internet. (Mem. Op. at 21-28.) Freeman's Sony all-in-one desktop computer contained six-hundred and fifty-four (654) still-image files and forty-nine (49) video files of known child pornography files, and two-thousand-nine-hundred (2,900) still-image files and one-hundred and eighty (180) video files of suspected child pornography. (Id. at 6.). Freeman's receipt of

8

child pornography through the eMule software only further "fuel[ed] the public consumption of materials harmful to children[.]" Cobler, 748 F.3d at 580.  While Freeman did not produce the visual depictions of child exploitation at issue, Freeman's knowing receipt is still "[f]ar from being 'one of the most passive felonies a person could commit, Solem, 463 U.S. at 296, [but instead shows he] . . . exploited, injured, and inflicted great harm on a most vulnerable victim[: the children depicted in those images]." Id.

Accordingly, the Court finds that Freeman failed to make the threshold showing of gross disproportionality, and denied the motion on this basis.  See Reingold, 731 F.3d at 220 ("Congress decided only that the distribution [and receipt] of child pornography was a sufficiently serious crime as to require at least a five-year sentence even for the most sympathetic defendant.").

### IV. Conclusion

For the foregoing reasons, the Court denied the Motion to Strike the Mandatory Minimum Sentence.

|  |  |
|---|---|
|  | /s/ |
| April 7, 2015 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |